IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD ROY EDWARDS,  )
    Petitioner, )
     )
    v. ) 2:10-CV-1481
     )
MICHAEL CURLEY, et al., )
    Respondents. )

MEMORANDUM and ORDER

MITCHELL, M.J.:

    Donald Roy Edwards has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Edwards is presently incarcerated at the Muskegon Correctional Facility in Muskegon Heights, Michigan, serving a twenty to forty year sentence imposed following his conviction, by a jury, of third-degree murder at No. CC 20000887 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on August 8, 2002.[1]

    An appeal was taken to the Superior Court in which the issues presented were:

> 1 Did the trial court err in permitting Detective Richard McDonald to testify regarding Appellant's alleged statement to City of Pittsburgh Homicide Detective Robert McCabe on June 13, 2000? Was trial counsel ineffective for failing to attempt to bar the testimony of Detective McDonald?
>
> 2. Was trial counsel ineffective for failing to file a Motion to Suppress Appellant's alleged statement to Detective McCabe since Appellant alleged that he was never *Mirandized*, that he never told McCabe or anyone else that he taped victim Chismar after Kaminski began beating him or that he left the tape on Chismar after the beating began, and, no record of the interview existed after Detective McCabe passed away (other than Detective McDonald's alleged presence at and memory of the interview two years after it was conducted?).
>
> 3. Did the prosecutor commit prosecutorial misconduct during her closing argument when she stated that Appellant told McCabe and McDonald that, "I tied

---

[1] See: Petition at ¶¶ 1-5.

1

> [Chismar] up. I saw [Kaminski] strangle him. I saw him beat him and then I
> untied him and went to bed.'"?  Furthermore, she severely magnified the error and
> prejudice by a further comment shortly thereafter, and, trial counsel was
> ineffective for failing to object to the statements by the Prosecutor.[2]

On May 23, 2003, the judgment of sentence was affirmed. A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which these same issues were presented for review[3], and on November 6, 2003, the petition was denied.[4]

On December 28, 2004, Edwards filed a pro se post-conviction petition. Counsel was appointed to represent him, an amended counseled petition was filed and relief was denied on November 23, 2005.[5] No appeal was pursued.[6]

On January 3, 2006, Edwards filed a second pro se post-conviction petition. Relief was denied on February 12, 2007.[7] An appeal was taken to the Superior Court in which the issues presented were:

> A. The trial court erred as a matter of law for not finding trial counsel ineffective for failing to specifically object under Pa.R.E. 804(b) against the admission of severely prejudicial evidence.
>
> B. The trial court erred as a matter of law for not finding trial counsel ineffective for failing to specifically object to the hearsay testimony of detective McDonald under Pa.R.E. 1002 regarding the contents of defendant's original writing set forth in his *Miranda* waiver.[8]

On November 24, 2009, the denial of post-conviction relief was affirmed.[9] And leave to appeal to the Pennsylvania Supreme Court was denied on August 26, 2010.[10] In denying relief, the Superior Court observed:

> The record reveals that appellant was originally sentenced on August 8, 2002. From that sentence he filed a direct appeal, and this Court affirmed the judgment of sentence on May 23, 2003. The Pennsylvania Supreme Court denied allowance

---

[2] See: Page 39 of the appendix to the Answer of the Commonwealth.
[3] Id. at p.96-97.
[4] Id. at p.137.
[5] Id. at p.187.
[6] See: Petition at ¶ 11 and appendix to the Answer of the Commonwealth at p.15.
[7] See: Pages 237, 251-255 of the appendix to the Answer of the Commonwealth.
[8] Id. at p.288.
[9] The Superior Court permitted original post-conviction counsel leave to withdraw based on his determination that the appeal was without merit. New counsel appeared for the petitioner. The Memorandum of the Superior Court affirming the denial of post-conviction relief appears at pp.353-362 to the appendix to the answer of the Commonwealth.
[10] See: Page 20 of the appendix to the Answer of the Commonwealth.

of appeal on November 6, 2003. As a result, the judgment of sentence became
final on February 4, 2004, at the expiration date of the 90 day period for seeking a
writ [of] certiorari from the United States Supreme Court… Consequently, the
statutory one year time period for filing a petition under the PCRA expired on
February 4, 2005. See: 42 Pa.C.S. §9545(b)(3). However, the PCRA petition in
this case was not filed until January 3, 2006. Therefore, the petition was untimely
on its face, and was not cognizable unless appellant was permitted an exception to
the time bar as provided in section 9545(b)(1)(i)-(iii). …

[S]ince we agree with the position espoused by appointed counsel and the
Commonwealth, namely that the underlying PCRA petition was untimely filed,
and that appellant cannot establish any of the exceptions to the statute's time bar,
we affirm, albeit on different grounds, the order of the trial court dismissing the
petition.[11]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State court. The
limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State
action in violation of the Constitution or laws of the United States is removed, if
the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by
the Supreme Court, if the right has been newly recognized by the Supreme Court
and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could
have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or
other collateral review with respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation under this subsection.

In the instant case, the Pennsylvania Superior Court affirmed the judgment of
sentence on May 23, 2003 and leave to appeal was denied by the Pennsylvania Supreme Court
on November 6, 2003. In Kapral v. United States, 166 F.3d 565 (3d Cir.1999), the Court noted
that in the absence of the filing of a petition for discretionary review, the judgment becomes final
when the time period in which to seek that review expires. Thus, the petitioner's conviction

---
[11] See: Appendix to the answer of the Commonwealth at pp. 360-361.

became final on February 4, 2004. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year federal statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner file a timely post-conviction petition on December 28, 2004 and after its denial on November 23, 2005, he sought no further relief until a "not properly filed" second post-conviction relief petition was filed on January 3, 2006 or considerably after the one year period in which to seek state post-conviction relief had expired.[12] In reviewing this untimely application, the Superior Court concluded that no recognized exception to the time bar existed, and for this reason the petition was time barred in the state courts.

The instant petition was executed on October 7, 2010, or considerably beyond the one year period in which to seek federal relief expired.[13] However, the petitioner seeks to excuse this delay by arguing that:

> Mr. Edwards' petition for habeas corpus relief should be considered filed in a timely manner d[ue] to all the proceedings the petitioner has sought under the post-conviction motion for it is because of those motion this petition is being filed now.[14]

It appears that Edwards seeks to base an exception to the federal statute of limitations on the delay by the state courts in disposing of his post-conviction petition. However, this argument is unavailing in that the petitioner himself defaulted in seeking timely post-conviction relief and the period of time between when his conviction became final and the initiation of his second post-conviction filing was considerably in excess of the one year period permitted under both state and federal law. It is only if this second petition was "properly filed" which it was not, that his petition here would be timely.

We further note that the Superior Court concluded that no reasonable grounds existed for Edwards' failure to seek timely relief and this conclusion is entitled to a presumption of correctness here. 28 U.S.C. §2254(e)(1). Additionally, we observe that the only argument which the petitioner urges for his delay in seeking relief here is based on the state court delays. This argument is patently frivolous.

---

[12] We note that on December 28, 2004, the petitioner filed a timely post-conviction petition in state court; that petition was denied on November 23, 2005 and no appellate relief was sought. Thus, that determination became final on December 23, 2005. Because the petitioner did not seek appellate relief, he defaulted on the available state court remedies and further action on that petition is barred under Coleman v. Thompson, 501 U.S. 722 (1991).

[13] Edwards' "properly filed" post-conviction petition was denied on November 23, 2005, and any further action on the claims raised therein are clearly time barred here.

[14] See: Petition at ¶ 18.

Accordingly, because it is time barred, the petition of Donald Roy Edwards for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 21st day of December, 2010, for the reasons set forth in the foregoing Memorandum,

IT IS ORDERED that the petition of Donald Roy Edwards for a writ of habeas corpus is DISMISSED and a certificate of appealability is DENIED.

s/ Robert C. Mitchell
United States Magistrate Judge